IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WESTPORT INSURANCE CORPORATION,** | ) ) ) | **CIVIL ACTION NO. 3:15-251** |
| Plaintiff, | ) ) ) | **JUDGE KIM R. GIBSON** |
| v. | ) ) | |
| **HIPPO FLEMING & PERTILE LAW OFFICES and CHARLES WAYNE HIPPO, JR.,** | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

**I.  Introduction**

This action arises from a dispute involving insurance coverage for professional liability. Plaintiff Westport Insurance Corporation has brought an action for declaratory judgment, seeking a judgment that it has no duty or obligation to defend or to indemnify Defendants against the allegations contained in an underlying state-court action. Presently before the Court is Defendants' motion to dismiss the complaint for lack of subject-matter jurisdiction. Defendants request that this Court decline to exercise its jurisdiction under the Declaratory Judgment Act because the dispute between the parties involves legal questions of Pennsylvania state law, which the state court will address in the underlying action. For the reasons stated below, the Court will **DENY** Defendants' motion to dismiss the complaint.

## II. Background

Plaintiff initiated this action and seeks a declaratory judgment that it has no duty or obligation to defend or to indemnify Defendants against the allegations contained in the underlying state-court action. (ECF No. 1.) Plaintiff alleges the following facts in its complaint, which the Court will accept as true for the sole purpose of deciding the pending motion to dismiss.

Defendants have been named as the defendants in the underlying action, which was filed in the Court of Common Pleas of Blair County on July 24, 2015, by Gregory S. Morris and Morris Management, Inc. (*Id.* ¶ 18.) In the underlying action, Mr. Morris and Morris Management, Inc. allege that when Defendants served as their counsel for real-estate development matters, Defendants conspired with an employee of Morris Management, Inc. to misappropriate information and to "poach" Morris Management, Inc.'s employees and agents for the benefit of Defendants' entities. (*Id.* ¶¶ 19-20.) Mr. Morris and Morris Management, Inc. further allege that Defendants formed Templar Development, LLC and Templar Elmerton, LLC, concealed the existence of the entities, and competed against Morris Management, Inc. for their own personal gain. (*Id.* ¶¶ 21-24.) Mr. Morris and Morris Management, Inc. have asserted eleven claims against Defendants in the underlying action and seek the return of legal fees and political contributions, non-monetary damages, damages for lost opportunities, and punitive damages. (*Id.* ¶¶ 26-28; ECF No. 1-3 at 21-69.)

Plaintiff issued a Lawyers Professional Liability Insurance Policy ("the Policy") to Defendant Hippo Fleming & Pertile Law Offices for the time period of March 1, 2007, to

March 1, 2008. (ECF No. 1 ¶ 8; ECF No. 1-2.) In a letter dated August 11, 2015, Plaintiff denied that it had a duty to defend or indemnify Defendants in the underlying action. (ECF No. 1 ¶ 31.) Plaintiff also reserved its right to assert additional coverage defenses. (*Id.*) Plaintiff filed a one-count complaint against Defendants on September 29, 2015. (*Id.* ¶¶ 33-36.) In Count I, Plaintiff seeks a declaration that the Policy's definition of the term "Loss" and its various exclusions do not provide coverage for the claims pending in the underlying action. (*Id.* ¶ 35.)

On November 2, 2015, Defendants filed a motion to dismiss Plaintiff's complaint for lack of jurisdiction (ECF No. 19), along with a brief in support of its motion (ECF No. 20). On November 23, 2015, Plaintiff filed a response in opposition to Defendants' motion to dismiss. (ECF No. 22.) On December 8, 2015, Defendants filed a reply to Plaintiff's response (ECF No. 27), to which Plaintiff filed a sur-reply on December 23, 2015, (ECF No. 33). The parties have fully briefed the Court, and this matter is now ripe for adjudication.

**III.    Applicable Law**

The Declaratory Judgment Act ("DJA") provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). The exercise of jurisdiction under the DJA is therefore discretionary, as it affords district courts "'unique and substantial discretion' . . . to determine whether to declare litigants' rights." *Reifer v. Westport Ins. Corp.*, 751 F.3d 129,

3

139 (3d Cir. 2014) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). Although a district court's "exercise of discretion must be 'sound,'" the Supreme Court has framed the scope of a court's discretion "in broad terms." *Id.* (quoting *Wilton*, 515 U.S. at 287). "Rather than being subject to the 'normal principle that federal courts should adjudicate claims within their jurisdiction,' district courts exercising DJA discretion are governed by 'considerations of practicality and wise judicial administration.'" *Id.* (quoting *Wilton*, 515 U.S. at 288).

The Third Circuit has held that "in determining the appropriateness of declaratory relief," a district court "must take into account: (1) the likelihood that the declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in a settlement of the uncertainty of obligation; and (4) the availability and relative convenience of other remedies." *Bituminous Coal Operators' Ass'n, Inc. v. Int'l Union*, 585 F.2d 586, 596-97 (3d Cir. 1978); *see also United States v. Pa., Dep't of Envtl. Res.*, 923 F.2d 1071, 1075 (3d Cir. 1991). In declaratory judgment actions involving insurance coverage issues, the Third Circuit has "suggested relevant considerations," including: (1) "[a] general policy of restraint when the same issues are pending in a state court;" (2) "[a]n inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion;" and (3) "[a]voidance of duplicative litigation." *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 134 (3d Cir. 2000).

In a case involving another proceeding pending in state court, the Supreme Court has held that the district court "should ascertain whether the questions in controversy

4

between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). This inquiry may require the court to consider "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, [and] whether such parties are amenable to process in that proceeding[.]" *Id.*

Over fifty years later, the Supreme Court reaffirmed *Brillhart*, finding that "district courts have substantial latitude in deciding whether to stay or to dismiss a declaratory judgment suit in light of pending state proceedings." *Wilton*, 515 U.S. at 286. The Supreme Court held that "the District Court acted within its bounds in staying this action for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court," but declined "to delineate the outer boundaries of that discretion in other cases, for example, cases raising issues of federal law or cases in which there are no parallel state proceedings." *Id.* at 290.

The Third Circuit recently addressed the scope of a district court's discretion in cases in which there are no parallel state proceedings. The court, in relying in part upon the factors set forth in *Bituminous Coal Operators' Association, Inc.* and *Summy*, explained that "a district court should guide its exercise of sound and reasoned discretion by giving meaningful consideration to the following factors," to the extent that they are relevant:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
> (2) the convenience of the parties;
> (3) the public interest in settlement of the uncertainty of obligation;
> (4) the availability and relative convenience of other remedies;

5

> (5) a general policy of restraint when the same issues are pending in a state court;
> (6) avoidance of duplicative litigation;
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Reifer*, 751 F.3d at 146. The court further stated that "the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction" and that "district courts declining jurisdiction should be rigorous in ensuring themselves that the lack of pending parallel state proceedings is outweighed by opposing factors." *Id.* at 144. Likewise, "[t]his same rationale applies when state proceedings do exist," as "[t]he existence of pending parallel state proceedings militates significantly in favor of declining jurisdiction." *Id.* at 144-45. The court "reject[ed] any reading of *Summy* that supports *per se* automatic declining of jurisdiction," emphasizing that district courts must apply the multi-factor test. *Id.* at 147.

IV. **Discussion**

Defendants argue that the complaint should be dismissed because this Court lacks subject-matter jurisdiction. Specifically, Defendants assert that the Court should decline to exercise its jurisdiction over this action because it would be more convenient for the parties if the Court of Common Pleas for Blair County, where the underlying action is pending, to decide the issue of insurance coverage. (ECF No. 20 at 8.) Defendants further argue that the Court of Common Pleas for Blair County "has the greater public interest in

resolving any issues of insurance coverage" and "is perfectly capable of providing the remedies sought in any coverage action." (*Id.*) Defendants contend that Plaintiff "is wrongly seeking to use [the Court] in its sprint toward *res judicata*" because it filed this action one month after Defendants stated that they intended to file a declaratory judgment action. (*Id.* at 9; *see also* ECF No. 20-1 at 7.)

In response, Plaintiff argues that Defendants have incorrectly interpreted *Reifer* by ignoring its holding that the exercise of jurisdiction is favored in matters where there is no parallel state proceeding. (ECF No. 22 at 4-5.) Plaintiff asserts that the underlying state-court action is not a parallel proceeding because it is not a party to the suit and because the coverage issues raised in its complaint are not being litigated in the underlying action. (*Id.* at 5-6.) Relying upon this Court's decision in *Employers Mutual Casualty Company v. Black's Home Sales*, No. 3:15-CV-07, 2015 U.S. Dist. LEXIS 149838 (W.D. Pa. Nov. 4, 2015), Plaintiff argues that each *Reifer* factor weighs in favor of the Court exercising its discretionary authority to maintain jurisdiction over this matter. (ECF No. 22 at 6-8.)

In reply, Defendants argue that the existence or non-existence of a pending parallel state proceeding is only one factor that the Court should consider. (ECF No. 27 at 2-3.) Defendants further note that they "commenced their own Declaratory Judgment and Bad Faith action in the Blair County Court of Common Pleas." (*Id.* at 4.) Defendants assert that any argument that they "engaged in the proverbial 'forum shopping'" is meritless because they had previously informed Plaintiff of their intention to file a declaratory judgment action. (*Id.*)

7

In its sur-reply, Plaintiff states that Defendants filed their complaint in the Court of Common Pleas for Blair County on November 30, 2015, seven days after Plaintiff filed its response to Defendants' motion to dismiss. (ECF No. 33 at 2; *see also* ECF No. 27-1 at 1.) Along with their request for declaratory judgment, Defendants have also included claims of breach of contract and bad faith against Plaintiff. (ECF No. 33 at 2; *see also* ECF No. 27-1 at 9-15.) Although Defendants included Mr. Morris and Morris Management, Inc. as defendants in the caption of their complaint, they have not asserted any claims against them. (ECF No. 33 at 2; *see also* ECF No. 27-1 at 9-15.) After Defendants filed their complaint, Plaintiff removed it to this Court on December 11, 2015, at Case No. 3:15-CV-322. (ECF No. 33 at 3.) Because the matter was properly removed to this Court, Plaintiff asserts that there is still no pending parallel state proceeding and that the *Reifer* factors do not outweigh the presumption that jurisdiction should be exercised. (*Id.* at 3-4.)

The Court will first address the fifth factor of the *Reifer* multi-factor test because the presence or absence of a pending parallel state-court action "militates significantly" in favor of declining or exercising jurisdiction. *Reifer*, 751 F.3d at 144. In *Brillhart*, the Supreme Court described a parallel proceeding as one "pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495. A parallel proceeding is also one "in which all the matters in controversy between the parties [may] be fully adjudicated." *Id.*

In this case, Defendants have attempted to create a pending parallel state-court action by filing their own complaint in the Court of Common Pleas for Blair County over two months after Plaintiff filed the instant action. Not only is this an "improper act of

8

procedural fencing," (*see* ECF No. 33 at 3), but it is also a waste of judicial economy and resources, as Defendants have filed a motion to remand Case No. 3:15-CV-322 to the Court of Common Pleas of Blair County, which the Court will address by a separate opinion and order.

More significantly, Defendants fail to provide any support for their argument that they have not engaged in "proverbial 'forum shopping'" because they "expressed an intent to commence a state action against [Plaintiff] in its August 28, 2015[,] correspondence." (ECF No. 27 at 4.) Defendants' August 28, 2015, letter grants Plaintiff fourteen days to reconsider its denial of coverage and states that "[s]hould you fail to reconsider . . . it is our intention to file a Complaint for Declaratory Judgment immediately thereafter." (ECF No. 20-1 at 7.) Thus, Defendants' assertion that they advised Plaintiff of their intention to file an action in the Court of Common Pleas of Blair County is, at best, disingenuous. Moreover, Defendants' argument is meritless because the timing of when a state declaratory judgment petition is filed in relation to its counterpart in a District Court is "irrelevant." *Summy*, 234 F.3d at 136; *see also Ironshore Specialty Ins. Co. v. Haines & Kibblehouse, Inc.*, 3 F. Supp. 3d 303, 309-10 & n.23 (E.D. Pa. 2014) (explaining that the sequence of filing of declaratory judgment actions is of no import). Plaintiff appropriately filed its complaint in federal court based upon diversity jurisdiction and based upon its proper removal of the state-court action to this Court.

Having addressed the two pending declaratory judgment actions, the Court next finds that the litigation pending in state court is not a parallel proceeding. Plaintiff is not a party to the underlying proceeding. Additionally, because both declaratory judgment

9

actions are before this Court, the coverage issues that Plaintiff raises in the instant complaint are not before the state court. Because the state court will be unable to adjudicate all matters in controversy in the pending state case, the Court cannot conclude that the underlying state-court action is a parallel proceeding. *See, e.g.*, *Black's Home Sales*, 2015 U.S. Dist. LEXIS 149838, at *14-15 (finding that the underlying action was not a parallel state proceeding); *Nationwide Prop. & Cas. Ins. Co. v. Shearer*, No. 2:14-CV-735, 2015 U.S. Dist. LEXIS 31126, at *16 (W.D. Pa. Mar. 13, 2015) (concluding that the underlying action was not a parallel state proceeding because the plaintiff was not a party to the underlying action and because the insurance coverage issues that the plaintiff raised were not at issue in the underlying action); *Westfield Ins. Co. v. Icon Legacy Custom Modular Homes & Icon Legacy*, No. 4:15-CV-539, 2015 U.S. Dist. LEXIS 99214, at *11 (M.D. Pa. July 30, 2015) ("It is certainly true that the state court proceedings may involve many of the same factual issues as this case. However, the state court litigation will not resolve the fundamental dispute at issue here — whether [the plaintiff] must continue to defend [the defendant] and possibly indemnify [the defendant] for any damages awarded in the state court actions.").

As discussed above, "the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction," and "district courts declining jurisdiction should be rigorous in ensuring themselves that the lack of pending parallel state proceedings is outweighed by opposing factors." *Reifer*, 751 F.3d at 144. In this case, the opposing *Reifer* factors do not outweigh the absence of a parallel underlying action. First, a declaration by this Court would resolve the uncertainty regarding whether Plaintiff

must defend and indemnify Defendants in the underlying action. Second, neither party would be inconvenienced by the declaratory judgment action proceeding in this Court. Third, it is in the public's interest to resolve the uncertainty of whether Plaintiff must defend and indemnify Defendants. Fourth, the only other available remedies to resolve these issues would require Plaintiff to file an action for declaratory judgment in state court or to wait for a garnishment action to be filed against it after the underlying action concludes. As previously discussed, Defendants filed a declaratory judgment in state court, which Plaintiff has removed to this Court. Accordingly, requiring Plaintiff to file an action for declaratory judgment in state court or to wait for a garnishment action to be filed against it after the underlying action concludes would not be convenient to the parties, and such circumstances would not promote judicial economy.

Regarding the sixth factor of the *Reifer* multi-factor test, this action will not result in duplicative litigation because, as discussed above, the underlying action is not a parallel proceeding. Seventh, there is no evidence that procedural fencing or forum selection influenced Plaintiff's decision to choose this venue to file its declaratory judgment action. Finally, there are no inherent conflicts of interests because Plaintiff is not defending Defendants in the underlying action.

Having balanced the eight factors delineated by the Third Circuit in *Reifer*, the Court concludes that it should exercise its discretionary authority to maintain jurisdiction over this matter. *See Black's Home Sales*, 2015 U.S. Dist. LEXIS 149838, at *15-18; *Shearer*, 2015 U.S. Dist. LEXIS 31126, at *16-18; *Westfield Ins. Co.*, 2015 U.S. Dist. LEXIS 99214, at *14-15. *See also Conroy v. Travelers Home & Marine Ins. Co.*, No. 3:15-CV-743, 2015 U.S. Dist.

11

LEXIS 101183, at *4-6 (W.D. Pa. Aug. 3, 2015) (applying the eight-factor test and exercising jurisdiction because the presumption in favor of exercising declaratory jurisdiction where there was no parallel proceeding was not outweighed by the other factors); *Western World Ins. Co. v. Alarcon & Marrone Demolition Co.*, No. 14-CV-6617, 2015 U.S. Dist. LEXIS 74847, at *8 (E.D. Pa. June 9, 2015) (exercising jurisdiction in a case raising issues of the duty to defend and indemnify because "a declaration in this case will resolve the uncertainty of [the plaintiff's] obligation, this forum is not inconvenient for the parties, and these issues will not be resolved through the Common Pleas suit (to which [the plaintiff] is not a party)"); *Scottsdale Ins. Co. v. RSE Inc.*, No. 14-CV-3920, 2014 U.S. Dist. LEXIS 146632, at *14-16 (E.D. Pa. 2014) (exercising jurisdiction in a case raising issues of the duty to defend and indemnify).

## V. CONCLUSION

For the reasons stated above, the Court finds that it is appropriate to exercise its discretionary authority over this matter, and the Court will therefore deny Defendants' motion to dismiss Plaintiff's complaint.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESTPORT INSURANCE CORPORATION, | ) ) ) | CIVIL ACTION NO. 3:15-251 |
| Plaintiff, | ) ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| HIPPO FLEMING & PERTILE LAW OFFICES and CHARLES WAYNE HIPPO, JR., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 28th day of April, 2016, upon consideration of Defendants' motion to dismiss (ECF No. 19), and in accordance with the attached memorandum opinion, **IT IS HEREBY ORDERED** that the motion is **DENIED**. **IT IS FURTHER ORDERED** that a status conference is scheduled for May 11, 2016, at 11:30 a.m.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE