## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESTPORT INSURANCE | ) | **CIVIL ACTION NO. 3:15-251** |
| CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | **JUDGE KIM R. GIBSON** |
| | ) | |
| v. | ) | |
| | ) | |
| HIPPO FLEMING & PERTILE LAW | ) | |
| OFFICES and CHARLES WAYNE | ) | |
| HIPPO, JR., | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

### I.      Introduction

This action arises from a dispute involving insurance coverage for professional liability. Westport Insurance Corporation brought an action for declaratory judgment, seeking a judgment that it has no duty or obligation to defend or to indemnify Hippo Fleming & Pertile Law Offices and Charles Wayne Hippo, Jr. against the allegations contained in an underlying state-court action. Hippo Fleming & Pertile Law Offices and Charles Wayne Hippo, Jr. filed a separate action seeking a declaratory judgment that Westport does owe a duty to defend and indemnify in the underlying action as well as asserting claims of bad faith and breach of contract against Westport. After denying motions to remand and dismiss, the Court granted the parties' joint motion to consolidate the two actions into one case. (ECF No. 39.) For the sake of simplicity, the Court will refer to the parties as "Hippo" and "Westport."

Presently before the Court is Hippo's Motion to Compel (ECF No. 47) and Westport's Motion for Leave to File First Amended Complaint (ECF No. 57). Hippo requests that this Court compel production of Westport's underwriting manual and the underwriting file relating to Hippo as well as the personnel files of three Westport employees identified as having worked on the Hippo coverage file. (ECF No. 48 at 4.) Westport seeks leave to file an amended complaint which adds several claims one day after the deadline set by the Court for amended pleadings. For the reasons stated below, the Court will **GRANT in part and DENY in part** Hippo's Motion to Compel and **GRANT** Westport's Motion for Leave to Amend.

## II. Motion to Compel

Generally, materials that are relevant to an issue in a case are discoverable unless they are privileged. Rule 26 explains the scope of discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). While the scope of discovery under the Federal Rules is broad, "this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). Indeed, Rule 26(b)(1) imposes "two content-based limitations upon the scope of discovery: privilege and relevance." *Trask v. Olin Corp.*, 298 F.R.D. 244,

2

257 (W.D. Pa. 2014). Even relevant discovery may also be limited by a court if the burden of producing it outweighs the benefit based on the specifics of the case. FED. R. CIV. P. 26(b)(1).

### Underwriting Materials

Hippo first requests that the Court compel production of Westport's underwriting manual as well as the underwriting file pertaining to Hippo. (ECF No. 48 at 4.) Hippo wants the underwriting materials because they may contain "information regarding the assessment of the [Hippo] claim, as well as notes regarding discussions by and between underwriting and claims concerning that claim." (*Id.* at 5.) Hippo relies on *Consugar v. Nationwide Ins. Co. of Am.*, No. 3:10CV2084, 2011 WL 2360208, at *1 (M.D. Pa. June 9, 2011). In *Consugar*, the court ordered discovery of underwriting files over the objections from the defendant insurer which had argued, as Westport does here, that underwriting materials were not relevant where the plaintiff had brought only coverage and bad faith claims and no claims relating to the underwriting of her policy. (*Id.*) In opposition, Westport argues that the insurer in *Consugar* did not actually argue to the court that the underwriting materials were irrelevant based on the claims brought in the complaint. (ECF No. 49 at 11-12.) Westport further cites several cases from other districts where courts declined to compel production of underwriting materials in insurance coverage cases.

The case law on the subject is somewhat unclear. Per one court: "[i]n short, the decisions suggest the underwriting files are discoverable in bad faith claims, but in breach of contract claims, only discoverable when the contract terms are ambiguous." *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 702 (S.D. Fla. 2007). Other courts have denied

3

production after reviewing the allegations in the pleadings to determine the possible relevancy of underwriting materials. *See e.g., Query v. Lexington Ins. Co.*, No. 15-21951-CIV, 2015 WL 12434326, at *2 (S.D. Fla. Nov. 19, 2015); E*llison v. GEICO Gen. Ins. Co.*, No. 11-80812-CIV, 2012 WL 12865220, at *3 (S.D. Fla. Feb. 17, 2012). These decisions do not, however, entirely foreclose the possibility that underwriting materials could be relevant in some instances. *See Query*, 2015 WL 12434326, at *2 ("Defendant's objection to production of its underwriting file is well founded, given that this is a first party coverage case and Defendant has disclaimed reliance on any defense that is predicated on pre-existing damage. Because discovery is at its early stages, however, the motion may be renewed at a later date if Defendant expands the scope of its stated defenses to include alleged malfeasance or misfeasance by the insured or pre-existing damage to the property prior to coverage, which may then give rise to impeachment evidence that may be found in the underwriting file."). In *Consugar*, the only case from a court within the Third Circuit, while the insurer did not argue as specifically as Westport does here, the court did expressly find that such information could be relevant to the case and ordered production. *Consugar*, 2011 WL 2360208, at *16-17.

In the Court's view, production of the underwriting materials is proper under the facts of this case. Here, while Hippo does not bring any underwriting claims, it does bring a bad faith claim along with the breach of contract/coverage claim. (ECF No. 49-1 at 14.) In support of the bad faith claim, Hippo points to premium increases imposed by Westport relating to commencement of the underlying litigation. (ECF 52 at 9.) Given the bad faith claim and the related allegations, the underwriting materials may well be

4

relevant.[1]  Westport has not argued that the requested materials are either privileged or would be burdensome to produce and it does not appear that they would be.  Therefore, the Court will grant the motion to compel with respect to the underwriting manual and underwriting file.

## Personnel Files

The other set of discovery requested by Hippo is the personnel files of three employees in Westport's claims department that handled Hippo's underlying claim. (ECF 48 at 9.)  Hippo wants this information in order to obtain: information about Westport's corporate policy, standards, and procedures, information relating to Westport's state of mind and relationship with its employees, and information regarding the relationship between the corporate policies and the training of the claims employees. (*Id*. at 10.)  Westport opposes the request on both procedural and substantive grounds.

Westport argues first that the Court should deny the request because Hippo only requested the personnel files in an email and did not make a formal discovery request. (ECF No. 49.)  In support, Westport cites a number of cases from various district courts across the country.  As another Judge in this District noted, while there is case law indicating that informal discovery requests are insufficient, the case law is inconsistent as to the degree of formality required.  *Trask v. Olin Corp.*, 298 F.R.D. 244, 260 (W.D. Pa. 2014).  "The Court notes that the inconsistent case law on the degree of formality required for a Rule 34 Request for Production to be enforced through a Motion to Compel under

---

[1] The underwriting file may also become relevant because as discussed later in this Memorandum Opinion, Westport seeks and will be granted leave to file an amended complaint which adds claims based on alleged misrepresentations made by Hippo in its insurance application.

5

Rule 37, likely reflects one of the fundamental rules governing discovery: discovery is within the trial court's sound discretion." *Id.* (citations omitted). The opinion goes on to say: "[t]he Court's review of case law involving informal Rule 34 requests also highlights that courts conduct a fact-specific analysis into the course of discovery, the exchanges between counsel, and the judicial interests in both expediting litigation and promoting fair trial." *Id.* (citations omitted). This Court will follow the *Trask* court in finding an email request sufficient. Counsel for Hippo did request the personnel files in an email to counsel for Westport. (ECF No. 52-1.) The issue of the personnel files was subsequently discussed on a call regarding other discovery requests and counsel for Westport indicated Westport's likely intention to oppose such a request. (ECF No. 49 at 2.) In the interest of expediting the litigation the Court is satisfied by Hippo's efforts. *See Trask*, 298 F.R.D. at 260 ("the case law indicates that where parties are both aware of the documents being informally requested, courts are more likely to find that the request satisfies Rule 34."). Therefore, the Court will consider the substance of Hippo's request.

Because there is a strong public policy against disclosure of personnel information, such requests are subject to a heightened relevancy standard. *See e.g., Santer v. Teachers Ins. & Annuity Ass'n*, No. CIV.A. 06-CV-1863, 2008 WL 755774, at *6 (E.D. Pa. Mar. 18, 2008); *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 184 (E.D. Pa. 2004). Once again the case law on the subject is murky, with decisions coming out differently based on the facts of each particular case. Factors that courts often look at include: whether there is another way for the requesting party to obtain the information sought *Saldi*, 224 F.R.D. at 184; whether there is other evidence suggesting the personnel files are likely to include

6

relevant information *Santer*, 2008 WL 755774, at *6; how broad the request is *Adams v. Allstate Ins. Co.*, 189 F.R.D. 331, 333 (E.D. Pa. 1999); and how closely the personnel files relate to the requesting party's claims *Stabilus, A Div. of Fichtel & Sachs Indus., Inc. v. Haynsworth, Baldwin, Johnson & Greaves, P.A.*, 144 F.R.D. 258, 266 (E.D. Pa. 1992).

On balance, these factors weigh against granting Hippo's request. While it is true that Hippo's request is relatively narrow in that it asks for only the files of the employees who worked on its claim and has agreed to a number of redactions, the other factors do not meet the heightened relevancy requirement. The reasons supplied by Hippo for wanting the personnel files such as whether the claims employees had some incentive to deny its claim and the nature of the relationship between the company and its employees could likely be obtained through the depositions of those employees. *See Kaufman v. Nationwide Mut. Ins. Co.*, No. CIV. A. 97-1114, 1997 WL 703175, at *1 (E.D. Pa. Nov. 12, 1997) (denying request for personnel files where depositions of the insurer's employees would be sufficient to obtain similar information). Likewise, Hippo has not presented any other evidence to support their theory that the personnel files are likely to include information relevant to their claims. *See Santer*, 2008 WL 755774, at *6 (analyzing the other evidence adduced by the moving party to see if there was good reason to believe production of the personnel files would outweigh privacy and other concerns). Therefore, the Court finds that the heightened relevancy standard for personnel files is not met. Hippo's motion to compel will be denied with respect to the personnel files.

### III. Motion for Leave to Amend

Westport seeks leave to file an amended complaint which adds several claims based on alleged misrepresentations made by Hippo in its insurance application. On November 16, 2016, this Court granted a motion to extend the time to complete discovery which set a new deadline for amended pleadings of Friday, January 13, 2017. (ECF No. 55.) Westport filed its motion for leave to amend one day late, on Saturday, January 14, 2017. (ECF No. 57.) Hippo now opposes Westport's motion on the grounds that it was filed late and that the amended complaint would result in prejudice to Hippo by complicating ongoing settlement negotiations. (ECF No. 58.)

A party seeking leave to amend after the deadline set by the Court's scheduling order must satisfy both Rule 15 and Rule 16. *Gaston v. Caugherty*, No. CV 14-1436, 2015 WL 8601232, at *5-*6 (W.D. Pa. Dec. 14, 2015); *Karlo v. Pittsburgh Glass Works, LLC*, No. CIV.A. 10-1283, 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011).

> The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure. *See Graham v. Progressive Direct Insurance Co.*, 271 F.R.D. 112, 118 (W.D. Pa. 2010). Under Rule 15(a)(2), leave to amend the pleadings should be "freely granted when justice so requires." Fed.R.Civ.P. 15(a)(2). Rule 16, on the other hand, requires a party to demonstrate "good cause" prior to the Court amending its scheduling order. Fed. R. Civ. P. 16(b)(4). Thus, there is "tension" between the two Rules. *See Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d. Cir. 2010) . . . . Where, as here, the motion was filed after the deadline set by the Court, the movant must satisfy the requirements of Rule 16 before the Court will turn to Rule 15.

*Karlo,* 2011 WL 5170445 at *2 (W.D.Pa. 2011). Rule 16 provides that a party may only amend its pleading after the deadline for such amendments set in the case management order if the party can demonstrate good cause. FED. R. CIV. P. 16 (b)(4).

If a moving party demonstrates good cause under Rule 16, courts next look at Rule 15. After a responsive pleading has been filed, a party may amend its pleading only "by leave of the court or by written consent of the adverse party." FED. R. CIV. P. 15(a). The Federal Rules of Civil Procedure also provide that courts should freely give leave to amend when "justice so requires." FED. R. CIV. P. 15 (a)(2). Denial of leave to amend is disfavored and a district judge should grant leave absent a substantial reason to deny. *Suley v. Borough,* 2011 WL 860426 at *1 (W.D.Pa. 2011); *see also Shane v. Fauver,* 213 F.3d 113, 115–117 (3d Cir. 2000). Whether to grant a party leave to amend a pleading is within the discretion of the trial judge. *Fraser v. Nationwide Mut. Ins. Co.,* 352 F.3d 107, 116 (3d Cir. 2003). This Court has discretion to deny such a request if it is apparent from the record that: (1) the moving party has demonstrated undue delay, bad faith or dilatory motives; (2) the amendment would be futile; or (3) the amendment would prejudice the other party. *Fraser,* 352 F.3d at 116 (citations omitted).

Westport represents to the Court that it held off on filing its motion prior to the deadline because of ongoing settlement negotiations and then missed the January 13 deadline due to "ministerial error." (ECF No. 61.) Westport's attorneys point out that upon realizing the error they immediately filed the motion the very next day, which they note was a Saturday and "days before the next business day." (*Id.* at 1-2.) Given the

9

minor delay and Westport's immediate correction of its error, the Court finds good cause shown under Rule 16.

Turning to Rule 15, Hippo argues that leave to amend should be denied because of delay and prejudice. While Westport's filing was late, the Court does not find a delay of one day to constitute an "undue" delay.

Hippo's argument that it will suffer prejudice is also unavailing. Westport's proposed amended complaint "adds claims regarding the misrepresentation in the insurance application by asserting counts for rescission and voidness." (ECF No. 57 at 3.) Hippo's argument is essentially that allowing Westport to add the additional claims brought in its proposed amendment will complicate the ongoing settlement negotiations. (ECF No. 58.) While this may well be true, the Court does not find it to be a sufficient basis to deny leave to amend under Rule 15. Adding claims through an amended complaint is always going to result in "prejudice" to the party against whom those claims are brought. The Court finds the fact that additional claims may complicate settlement negotiations to be an insufficient basis for denying leave to amend. "[T]he standard for granting leave to amend under Rule 15 is a liberal one." *Gaston*, 2015 WL 8601232, at *6. Hippo makes no allegations of bad faith or futility. Accordingly, the Court will grant Westport leave to amend its complaint.

## IV.    CONCLUSION

For the reasons stated above, the Court will grant Hippo's motion to compel with

respect to the underwriting materials and deny it with respect to the personnel files. The

Court will grant Westport's motion for leave to amend.

An appropriate order follows.

11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESTPORT INSURANCE CORPORATION, | ) ) ) | CIVIL ACTION NO. 3:15-251 |
| Plaintiff, | ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| HIPPO FLEMING & PERTILE LAW OFFICES and CHARLES WAYNE HIPPO, JR., | ) ) ) ) | |
| Defendants. | ) | |

### ORDER

**AND NOW**, this 7th day of March, 2017, upon consideration of Hippo Fleming &

Pertile Law Offices and Charles Wayne Hippo, Jr., Esquire's motion to compel (ECF No.

47), and in accordance with the attached memorandum opinion, **IT IS HEREBY**

**ORDERED** that the motion is **GRANTED in part and DENIED in part** as follows:

1. The motion is **GRANTED** with respect to the underwriting materials and

   Westport is ordered to produce the underwriting file and manual.

2. The motion is **DENIED** with respect to the personnel files.

**IT IS FURTHER ORDERED** that Westport's Motion for Leave to File First

Amended Complaint (ECF No. 57) is **GRANTED** and Westport has 10 days to file its

amended complaint.

BY THE COURT:

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**